SOMMERVILLE, J.
The state prosecutes an appeal from a judgment quashing an indictment against A. C. Robinson, charging him with embezzlement, in which the offense is set forth in an indictment as follows:
“Willfully, maliciously and feloniously wrongfully did use, dispose of, conceal and otherwise embezzle the sum of thirty-five and 30/ioo dollars, currency and coin of the United States, the property of the Grand United Order of Wives, Sons and Daughters of America, which said sum of money was intrusted to the care, keeping and possession of the said A. C. Robinson, by virtue of his office; trust and employment as Grand Secretary of said order.”
*189 The per curiam of the judge attached to the bill of exceptions reserved by the state to the ruling of the court is as follows:
“I sustain the motion to quash for the reason that I do not believe that the indictment sufficiently sets forth the charge of the crime of embezzlement.”
Quoting from the brief of defendant:
“The position of the defendant is that the state has not charged the defendant as standing in the fiduciary relation named within the terms of the statute. The indictment charges that the funds alleged to have been embezzled were received by the defendant in his capacity as Grand Secretary of said order.”
The indictment was found under section 905 of the Revised Statutes, which declares that—
“Any servant, clerk, broker, agent, * * * or any person holding any office or trust under the executive or judicial authority of this state, or in the service of any public or private corporation or company, who shall wrongfully use, dispose of, conceal or otherwise embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading, or any other property which he shall have received for another, or for his employer, principal, or bailor, or by virtue of his office, trust or employment, or which shall have been intrusted to his care, keeping or possession by another, or by his employer, principal or bailor, or by any court, corporation or company,” upon conviction thereof shall suffer imprisonment, etc.
The indictment declares Robinson to have received $35.50 in currency and coin of the United States, the property of the Grand United Order of Wives, Sons and Daughters of America, which sum of money was intrusted to the care, keeping, and possession of said 'Robinson by virtue of his office as secretary of said order.
The law provides that any one in the service of any private corporation or company who shall wrongfully use, etc., money which belonged to said corporation and which he had received, or which had been intrusted to his care, keeping, and possession by the corporation in a fiduciary relation to said corporation by virtue of his office, trust, and employment, shall be guilty of embezzlement.
The indictment is sufficient to charge defendant with embezzling under section 905 of the Revised Statutes, in that it sets forth in words of similar import to those contained in the statute, the capacity in which defendant received the money intrusted to him, and that he embezzled the same.
The judgment appealed from is annulled, avoided, and reversed, and the case is remanded to be proceeded with in accordance with law.
O’NIELL, J., concurs in the decree.